### AUSTIN BRIDGE CO. v. SHAW.
No. 7983.

Court of Civil Appeals of Texas. Austin.
June 20, 1934.

Rehearing Denied July 11, 1934.

Collins, Jackson & Snodgrass, of San Angelo, for appellant.

Kerr & Gayer, of San Angelo, for appellee.

BAUGH, Justice.

Appellee sued appellant for damages, alleging breach by appellant of a contract with him, wherein he agreed to furnish to appellant, at $2.50 per yard, all sand and gravel needed by appellant in the construction of bridges and culverts on a state highway between Ballinger and Talpa. The case was submitted to a jury on special issues, in answer to which they found:

(1) That one M. B. Moore agreed with appellee Shaw to buy from him said sand and gravel.

(2) That Moore was authorized by appellant to buy same from Shaw.

(3) That appellant at its Dallas office accepted the $2.50 bid of Shaw on said sand and gravel.

Issues Nos. 4, 5, and 6 relate to the measure of damages, and no complaint is made as to them. Based upon such findings, the court rendered judgment for appellee for $2,250; hence this appeal.

While several propositions are made they present but two contentions, both of which relate to special issue No. 3. First is that there was no evidence that Shaw's bid of $2.50 per yard was accepted at the Dallas office; and, second, that the evidence was conflicting as to what was the amount of Shaw's bid, and that therefore a jury finding as to what was his bid was necessary; that is, that the court could not assume, as question No. 3 did assume, that Shaw submitted a $2.50 bid.

We find no merit in either of these contentions. The contract sued upon was alleged to have been made with Moore, as agent of appellant. The jury found that such contract was so made. While the evidence was conflicting, the jury's findings thereon concludes that matter here. In response to special issue 2, the jury found that Moore was authorized by appellant to make said contract. The evidence was clearly sufficient to sustain that finding, and no complaint is made of it in this court. If Moore was authorized to bind his principal and made such contract, based upon Shaw's bid to him, it was immaterial whether such bid was accepted at Dallas or not.

■ In so far as the testimony as to the amount of Shaw's bid is concerned, it showed several bids made, some to the Dallas office of appellant, and some to Moore orally, which were communicated to the Dallas office. These bids, however, merely constituted a part of the negotiations between Shaw and Moore prior to the making of the contract. All of them were higher than the $2.50 per yard. The only bid, however, on which the contract was predicated, and the one which Shaw testified that Moore accepted, and upon which the contract was made, it being the lowest bid, was that for $2.50 per yard. If he had any contract at all, it was on that basis. The other bids therefore were immaterial, and no jury finding as to what other bids were made was necessary. There was no error therefore in submitting issue No. 3 in the form submitted.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.